UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAUREN HOLLEY; JAMES HOLLEY; NANETTE HOLLEY; and ALYSSA HOLLEY,<br><br>Plaintiffs,<br><br>v.<br><br>ALAJAH TRIPP; JERMIAH TRIPP; JESSICA TRIPP; ELK SUMMIT PROPERTIES LLC.; RICHARD M. PINOL; HARDEE, PINOL & KRACKE, PLLC.; and BIG SKY ID CORP.,<br><br>Defendants. | Case No. 2:24-cv-00071-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is (1) Defendants' Request for Judicial Notice (Dkt. 14); (2) Plaintiffs' Combined Filing: Opposition to Defendants' "Request" for Judicial Notice and Motion to Strike (Dkt. 23); (3) Defendants' Amended Request for Judicial Notice (Dkt. 27); and (4) Plaintiffs' Motion to Strike Portion of Defendants' "Objection to Plaintiffs' Motion to Strike" or Alternatively, to File a Sur-Reply (Dkt. 32). Having reviewed the record and the parties' submissions, the Court finds that oral argument would not significantly aid its decision-making process, and it decides the motions on the parties' briefing. *See* Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons set forth below, the Court denies Defendants' request to take judicial notice and strikes Defendants' statement of facts.

### I. BACKGROUND

The events giving rise to this lawsuit stem from the separation of Plaintiff Lauren Holley and Defendant Alajah Tripp following the couple's falling out in March 2022. In short, after

Lauren and Alajah separated, Plaintiffs allege Defendants defamed Lauren, constructively evicted her, interfered with her employment, secretly recorded Lauren and her parents while at home, and wrongfully used the information derived from those recordings in a child custody lawsuit. (Dkt. 2). The operative[1] complaint asserts federal and state claims against Defendants, including defamation; tortious interference with contract; constructive eviction; invasion of privacy; intentional infliction of emotional distress; violation of the Idaho Child Protective Act, Idaho Code § 16-1601, *et seq.*; and violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, *et seq.* (Dkt. 2)

Relevant here, Defendants move to dismiss several of Plaintiffs' claims for failure to state a claim under Rule 12(b)(6) of Federal Rules of Civil Procedure. (Dkt. 13). In support, Defendants submit a Statement of Facts (Dkt. 13-1) and move the Court to take judicial notice of filings in state court proceedings between Lauren and Alajah. (Dkt. 14). Plaintiffs respond by submitting their Combined Filing, which (1) objects to Defendants' request for judicial notice and (2) moves to strike Defendants' statement of facts. (Dkt. 23). Defendants oppose Plaintiffs' Combined Filing and have filed a memorandum in opposition. (Dkt. 26). Plaintiffs move to strike a portion of Defendants' opposition brief or, alternatively, have asked for permission to file a sur-reply.

---

[1]    Plaintiffs have filed a motion to amend and supplement their complaint. (Dkt. 37). Although the motion is not ripe yet, the Court has reviewed the proposed Second Amended and Supplemental Complaint and Demand for Jury Trial (Dkt. 40-1) for the purpose of determining whether it moots Defendants' Partial Motion to Dismiss. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) ("[T]he general rule is that an amended complaint supercedes the original complaint and renders it without legal effect . . . ."). Because the Second Amended and Supplemental Complaint primarily supplements the operative complaint, the Court concludes it does not moot Defendants' pending motion to dismiss. *See Bisson v. Bank of Am., N.A.*, No. C12-0995JLR, 2012 WL 5866309, at *1 (W.D. Wash. Nov. 16, 2012) (collecting cases) ("If, however, the amended complaint suffers from the same deficiencies as the original complaint, it is within the court's discretion to consider a motion based on the original complaint as if it were based on the amended complaint."). In any event, the Court has not addressed the motion to amend and supplement; thus, the First Amended Complaint remains the operative complaint.

**MEMORANDUM DECISION AND ORDER - 2**

(Dkt. 32). Additionally, Defendants move to amend their request for judicial notice to provide certified copies of the pleadings originally requested to be judicially noticed. (Dkt. 27).

## II.  LEGAL STANDARD

### A.  Motion to Strike

Under Rule 12(f) of the Federal Rules of Civil Procedure, courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Apart from the pleadings, courts also have the inherent power to strike improper filings to control their dockets and sanction inappropriate litigation conduct. *Ready Transp., Inc. v. AAR Mfg.*, 627 F.3d 402, 404-05 (9th Cir. 2010).

### B.  Judicial Notice

"Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Rule 201 of the Federal Rules of Evidence governs judicial notice of adjudicative facts. Under Rule 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court may take judicial notice on its own and must take judicial notice "if a party requests it and the court is supplied with the necessary information." Fed. R.

**MEMORANDUM DECISION AND ORDER - 3**

Evid. 201(c). The party requesting judicial notice bears the burden of showing "the particular fact is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to a source whose accuracy cannot reasonably be questioned." *Newman v. San Joaquin Delta Cmty. College Dist.*, 272 F.R.D. 505, 516 (E.D. Cal. 2011) (internal quotation marks and citation omitted).

### III.  ANALYSIS

#### A.  Motion to Strike Statement of Facts

Plaintiffs argue Defendants' Statement of Facts (Dkt. 13-1) should be stricken because it is an improper filing at the motion-to-dismiss stage and exceeds the maximum page limit under the local rules. In response, Defendants are silent regarding whether the Statement of Facts complies with the Court's local rules. Instead, Defendants suggest the Court should deny Plaintiffs' motion to strike because the facts set forth in the Statement of Facts are properly before the Court, contradict the complaint's allegations, and warrant a response. Defendants also contend that if Plaintiffs are concerned with evidence from the underlying state proceedings contained in the Statement of Facts, they are free to submit their own request for the Court to take judicial notice of additional evidence presented during state court proceedings.

The Court strikes Defendants' Statement of Facts. The District's local rules only permit the filing of a separate statement of facts in the context of summary judgment motions, and even then, such a statement may not exceed ten pages. *See* Dist. Idaho Loc. Civ. R. 7.1(b), (c). For all other motions, including a motion to dismiss, the moving party is only allowed a twenty-page memorandum that must "contain[] all of the reasons and points and authorities relied upon by the moving party." *Id.* This twenty-page limit includes relevant facts.

Here, Defendants' Statement of Facts clearly violates the Court's local rules because those rules do not permit a separate statement with a motion to dismiss and because allowing a statement

of facts would effectively allow Defendants to exceed the twenty-page limit as their memorandum alone is twenty pages. Moreover, whether the facts set forth in the Statement of Facts are properly before the Court or whether they contradict the complaint's allegations is irrelevant. Even if the Court took judicial notice of the documents and the judicially noticed facts contradicted Plaintiffs' allegations, the local rules do not justify a separate statement of facts. Further, Plaintiffs' ability to request judicial notice does not justify Defendants' improper filing. The Court will, therefore, grant Plaintiffs' motion to strike Defendants' the Statement of Facts.

> **B.**     **Defendants' Request for Judicial Notice**

Defendants ask the Court "to take judicial notice of all pleadings, submissions, orders, and minutes on file" in two state court proceedings, *Holley v. Tripp*, No. CV28-22-2172 (First Jud. Dist. Idaho); *Tripp v. Holley*, No. CV28-22-1958 (First Jud. Dist. Idaho). (Dkts. 14, 27). Specifically, Defendants have attached certified copies of fourteen state court filings and ask the Court to judicially notice these fourteen documents. The Court denies Defendants' request.

As an initial point, the Request for Judicial Notice fails, by itself, to identify which facts should be judicially noticed. While a federal court may take judicial notice of documents filed in other court proceedings, the court must "consider—and identify—which fact or facts it is noticing from [the requested documents]. Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1000 (9th Cir. 2018).

Here, Defendants' Request for Judicial Notice does not identify which specific facts should be judicially noticed from the fourteen state court filings. While the Court could certainly take judicial notice of the fact the two state court proceedings occurred or that the documents were filed, the documents themselves contain numerous facts, and some of these facts do not appear to be appropriate for judicial notice because they are either reasonably disputed or come from

**MEMORANDUM DECISION AND ORDER - 5**

questionable sources. Thus, the Court cannot determine whether judicial notice is appropriate from the face of Defendants' request.

But even when considering Defendants' request for judicial notice in conjunction with their Statement of Facts—which the Court strikes—and Defendants' Objection to Plaintiffs' Motion to Strike (Dkt. 26 at pp. 7-8)—which Plaintiffs contend should also be partially stricken[2]—judicial notice is still not appropriate. For example, five of the fourteen documents Defendants proffer are declarations Alajah or his counsel filed in state court. (Dkts. 14-4, 14-5, 14-11, 14-12, 14-13). A party's own declarations, however, do not constitute a "source[] whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *Russell v. OneWest Bank FSB*, No. 1:11-cv-00222-BLW, 2011 WL 5025236, at *4 (D. Idaho Oct. 20, 2011) ("The Court cannot take judicial notice of an individual's affidavit."). While the information may be admissible eventually, it is inappropriate for consideration at the motion-to-dismiss stage. Indeed, introducing Defendants' own declaration testimony now would, at a minimum, entitle Plaintiffs to depose the declarants. The Court is unwilling, however, to transform the motion to dismiss into a summary judgment motion.

Additionally, some of the documents Defendants proffered appear to be irrelevant to the motion to dismiss. Specifically, Defendants request the Court take judicial notice of a May 2022 state court order dismissing Lauren's protection order action for insufficient evidence. (Dkt. 14-2). Defendants also seek judicial notice of a state court order awarding Alajah attorney fees and costs because Lauren's attorney apparently filed a frivolous motion. (Dkt. 14-14). These documents bear no discernible relevance to the issues raised in the motion to dismiss, and the Court declines to take judicial notice of them. *See, e.g.*, *Santa Monica Food Not Bombs v. City of Santa*

---

[2] Plaintiffs have moved to strike sections A–C of Defendants' Objection to Plaintiffs' Motion to Strike, arguing these sections raise new arguments in a reply brief. (Dkt. 32). Alternatively, Plaintiffs request permission to file a sur-reply. The Court denies this motion as moot because the Court denies Defendants' request for judicial notice regardless.

**MEMORANDUM DECISION AND ORDER - 6**

*Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (declining to take judicial notice of reports that were not relevant to the resolution of the appeal); *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 392 n.7 (9th Cir. 2000) (declining to take judicial notice of statistics that were not relevant to any issue on appeal).

Finally, the Court denies the request for judicial notice because the facts Defendants seek to establish are reasonably disputed. As explained, judicial notice is only appropriate for facts "not subject to reasonable dispute." As the Ninth Circuit has warned, "[t]he overuse and improper application of judicial notice . . . can lead to unintended and harmful results. . . . the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Khoja*, 899 F.3d at 998; *see also Miesen v. Ennis*, No. 1:10-cv-00404-DCN, 2021 WL 8773341, at *1 (D. Idaho June 25, 2021) (declining to take judicial notice because it was "in line with broader Ninth Circuit policy of a prohibition against resolving factual disputes during the pleading stage that aims to prevent the undermining of the normal pleading burdens.").

Here, Defendants explain they seek judicial notice for the following reasons: First, Defendants seek to establish Lauren was aware of an alarm clock camera in the residence because, during state court proceeding, she admitted she was aware of three different cameras in the house. (Dkt. 26 at p.7). Second, Defendants seek to establish Lauren did not have "dominion or control" over or an expectation of privacy in the residence because, based on state court documents, she had not signed a lease with Defendants. (*Id.* at p.8). Third, Defendants seek judicial notice of state court documents that purportedly prove Lauren "open[ed] the door" to using the alleged recordings in state court proceedings. (*Id.*)

**MEMORANDUM DECISION AND ORDER - 7**

The Court has reviewed the documents for which Defendants request judicial notice and, in short, none are dispositive of the facts Defendants seek to establish. Thus, even if Lauren's statements in state court could be judicially noticed, as Defendants suggest (Dkt. 26 at pp. 6-8), they are nevertheless irrelevant for purposes of the motion to dismiss because they do not render implausible the complaint's allegations. Rather, taking notice of the state court filings would only serve to inject extrinsic evidence regarding disputed factual issues, which is inappropriate at the pleading stage.

Accordingly, for all these reasons, the Court will deny Defendants' request for judicial notice.

## IV.  ORDER

**IT IS ORDERED that:**

1. Defendants' Request for Judicial Notice (Dkt. 14) is **DENIED**.

2. Plaintiffs' Combined Filing: Opposition to Defendants' "Request" for Judicial Notice and Motion to Strike (Dkt. 23) is **GRANTED**. The Clerk of the Court is directed to **STRIKE** Defendants' Statement of Facts (Dkt. 13-1).

3. Defendants' Amended Request for Judicial Notice (Dkt. 27) is **DENIED as moot**.

4. Plaintiffs' Motion to Strike Portion of Defendants' "Objection to Plaintiffs' Motion to Strike" or Alternatively, to File a Sur-Reply (Dkt. 32) is **DENIED as moot**.

5. Plaintiffs have fourteen (14) days from the issuance of this order to respond to Defendants' Partial Motion to Dismiss (Dkt. 13). (*See* Dkt. 36). Defendants have fourteen (14) days from the date of Plaintiffs' response to file a reply.

DATED: August 27, 2024

Amanda K. Brailsford
U.S. District Court Judge